**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0101-16T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

J.V.,

     Defendant-Appellant.

_____

Submitted December 5, 2018 – Decided February 5, 2019
Remanded by the Supreme Court June 11, 2020.
Resubmitted June 12, 2020 – Decided July 2, 2020

Before Judges Koblitz, Ostrer and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 13-12-1177.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele E. Friedman, Assistant Deputy Public Defender, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Carol M. Henderson, Assistant Attorney General, of counsel and on the brief).

PER CURIAM

Our Supreme Court remanded this matter on June 11, 2020 for our consideration of defendant's claim of an excessive sentence. He is serving concurrent terms of eighteen years in prison, subject to an eighty-five percent parole disqualifier pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, after he pled guilty to first-degree attempted murder, N.J.S.A. 2C:5-1(a)(1) and N.J.S.A. 2C:11-3(a)(1), and first-degree armed robbery, N.J.S.A. 2C:15-1(a)(1). State v. J.V., ___ N.J. ___, ___ (2020) (slip op. at 6, 21). Defendant was seventeen years old when he stabbed the victim nine times and stole his cell phone. Id. at 3. Given our limited standard of review, we affirm the sentence.

After waiver to adult court and prior to defendant's guilty plea, the court conducted a three-day competency hearing. The court determined defendant was competent, stating: "There is no doubt that [defendant] is an impaired individual. There is no doubt that he is functioning in the borderline to mild mental retardation range." The court decided that "though, obviously limited, [defendant] [did] have a basic and legally adequate understanding" of the proceedings, standards, and consequences, and was therefore competent to stand trial.

A-0101-16T3

The same court that conducted the competency hearing sentenced defendant, finding that aggravating factors one, two, three, and nine applied. N.J.S.A. 2C:44-1(a)(1), (2), (3) and (9). The court also found mitigating factor seven. N.J.S.A. 2C:44-1(b)(7). The court began by noting that the attack in this case "really [stood] out . . . . for its brutality." With respect to aggravating factor one, the nature and circumstances of the event, the court noted that defendant attacked the victim after the victim "graciously lent him his phone," and that defendant stabbed the victim nine times, causing serious, penetrative injuries and long-lasting physical and emotional pain. The victim suffered permanent nerve damage impairing his ability to perform his job. The court found defendant had planned the attack by virtue of bringing his knife from home. In light of the "brutal and very life-threatening injuries," the court found the attack was "brutal," "heinous," and "depraved," as compared to other attempted murders, and therefore aggravating factor one applied. N.J.S.A. 2C:44-1 (a)(1).

As to aggravating factor two, the gravity of the harm inflicted upon the victim, the court again noted the victim's extensive physical injuries, as well as the emotional damage detailed in his victim impact statement, and his statement at the sentencing hearing explaining that he now lives in constant fear of strangers and has limited mobility and functioning.

A-0101-16T3

With regard to aggravating factor three, the risk of committing another offense, the court noted that the vicious, premeditated nature of the attack gave it "great concern, if he was capable of this, that there is a substantial risk of [defendant] committing another offense." The court also acknowledged defendant's limited mental functioning and emotional issues, and found that "to the extent that [those characteristics] contributed to his behavior, if [they] did, then that would be part of the risk."

For aggravating factor nine, the need for deterrence, the court found it "almost [did not] have to be said, but, of course, there[was] a need to deter . . . [defendant] specifically and . . . anyone else who would think of committing such an offense."

Turning to the mitigating factors, the court found factor seven, no prior record, applied. In light of the unprovoked and violent nature of the attack, the court accorded this factor "very little weight." The court also found defendant's "very young" age at the time of the attack, along with his "learning disabilities, borderline functioning, [and] depression" to be a mitigating factor "to some extent." The court explained that, although defendant's mental and emotional limitations are not his fault, they may also have contributed to his lack of appreciation of the risk, which could also be an aggravating factor.

4

After thoughtfully analyzing the aggravating and mitigating factors, the court found "[t]he aggravating factors very substantially outweigh[ed] the mitigating factors." It imposed the maximum sentence permitted by the plea agreement: eighteen years in prison with a NERA parole disqualifier, on each count, to run concurrently.

In this remand, defendant's remaining excessive sentence arguments are:

> THE MATTER SHOULD BE REMANDED FOR RESENTENCING BECAUSE THE SENTENCE IS MANIFESTLY EXCESSIVE AND UNDULY PUNITIVE.
>
> A. THE SENTENCE IMPOSED AGAINST THIS JUVENILE OFFENDER IS UNCONSTITUTIONAL, BECAUSE IT DOES NOT TAKE INTO ACCOUNT THE FACTORS SET FORTH UNDER MILLER V. ALABAMA.[1] MOREOVER, THE COURT ABUSED ITS DISCRETION IN ASCRIBING "VERY LITTLE WEIGHT" TO J.V.'S UNBLEMISHED RECORD AND STATUS AS A YOUTHFUL OFFENDER.
>
> B. THE COURT IMPROPERLY RELIED ON J.V.'S EMOTIONAL AND PSYCHOLOGICAL LIMITATIONS AS A BASIS FOR SIMULTANEOUSLY FINDING AGGRAVATING FACTOR THREE, AND WEIGHING THOSE SAME DEFICIENCIES IN MITIGATION TO "SOME EXTENT."
>
> C. GIVEN THAT A REMAND IS WARRANTED, THE COURT SHOULD ORDER THAT A

---

[1]  567 U.S. 460 (2012).

PSYCHOLOGICAL EXAMINATION BE CONDUCTED PRIOR TO THE RESENTENCING HEARING.

Our review of a trial court's sentencing determination is "deferential." State v. Lawless, 214 N.J. 594, 606 (2013). We are "bound to affirm a sentence, even if [we] would have arrived at a different result, as long as the trial court properly identifie[d] and balance[d] aggravating and mitigating factors that [were] supported by competent credible evidence in the record." Ibid. (quoting State v. Natale, 184 N.J. 458, 489 (2005)). We may only vacate a sentence where: (1) "the sentencing guidelines[] were violated"; (2) the aggravating or mitigating factors were not "based upon competent credible evidence in the record"; or (3) "even though the court sentenced in accordance with the guidelines, nevertheless the application of the guidelines to the facts of th[e] case makes the sentence clearly unreasonable so as to shock the judicial conscience." State v. Roth, 95 N.J. 334, 364-65 (1984).

"A sentence imposed pursuant to a plea agreement is presumed to be reasonable because a defendant voluntarily '[waived] . . . his right to a trial in return for the reduction or dismissal of certain charges, recommendations as to sentence and the like.'" State v. Fuentes, 217 N.J. 57, 70-71 (2014) (alterations in original) (quoting State v. Davis, 175 N.J. Super. 130, 140 (App. Div. 1980)).

However, "[e]ven a sentence recommended as part of a plea agreement . . . may be vacated if it does not comport with the sentencing provisions of our Code of Criminal Justice." Id. at 71.

Defendant first argues that his sentence violated the Eighth Amendment prohibition against cruel and unusual punishment because the court did not take into consideration special concerns connected with defendant's youth when imposing "a very lengthy term of incarceration." State v. Zuber, 227 N.J. 422, 451 (2017) (remanding for resentencing two matters where the juveniles would not be eligible for parole until the ages of seventy-two and eighty-five); see Miller, 567 U.S. at 477-78 (identifying five factors a court should consider when determining whether to sentence a juvenile to life without parole). Defendant was two months short of eighteen years old when he committed these crimes. He was sentenced to eighteen years with an eighty-five percent parole ineligibility. Thus, he will not be eligible for parole for fifteen years and three months, when he is approximately thirty-three years old. While this is a long sentence, it is not the "practical equivalent of life [in prison] without parole," Zuber, 227 N.J. at 429, and the court was not obligated to consider the special factors set forth in Miller, 567 U.S. at 477-78.

Defendant also argues that the sentencing court erred by finding his intellectual and emotional challenges constituted both an aggravating and a mitigating factor. Defendant relies on State v. Nataluk, 316 N.J. Super. 336 (App. Div. 1998) and State v. Nayee, 192 N.J. 475 (2007).

In Nataluk, the sentencing judge found the jury's rejection of the insanity defense precluded a finding that defendant's diminished mental capacity could be a mitigating factor. 316 N.J. at 349. We rejected this reasoning, noting that the State's own expert did not dispute that defendant suffered from "mental problems." Ibid. We held that the rejection of the insanity defense was not "the equivalent of a conclusion that defendant did not suffer from any mental disease or defect." Ibid.

In Nayee, our Supreme Court summarily remanded the matter for resentencing where the trial court "refus[ed] to consider the record before it in respect of defendant's mental illness as a mitigating factor." Nayee, 192 N.J. at 475. Likewise, in State v. Briggs, 349 N.J. Super. 496, 504 (App. Div. 2002), we disapproved of the trial court's refusal to find mitigating factors based on the "highly relevant" expert reports indicating defendant suffered from post-traumatic stress disorder, as well other conditions.

Our Supreme Court held in <u>Fuentes</u> that, although it is not impossible for seemingly contradictory aggravating and mitigating factors to apply at the same time, such an occurrence would be "exceptional" and "rare." 217 N.J. at 80 (declining to categorically preclude a simultaneous finding of aggravating factor nine, the specific need to deter, and mitigating factor eight, the crime resulted from circumstances unlikely to recur). If the sentencing court does apply conflicting factors it must "explain how it reconciles those two findings," giving "greater detail [to] its assessment of the weight assigned to each aggravating and mitigating factor, and its balancing of those statutory factors as they apply to defendant." <u>Id.</u> at 81.

Here, the court held an extensive competency hearing and was well-informed and commented with specificity on defendant's mental health disorder and learning disabilities. The court found those conditions mitigating, while also expressing concern that defendant's emotional problems might have contributed to the viciousness of the attack and increase the risk of defendant reoffending. These concerns are not logically inconsistent.

Finally, defendant seeks a psychological evaluation upon remand for resentencing. We do not remand for resentencing, and a further mental health evaluation is unnecessary given the extensive competency hearing held by the

9

sentencing judge.  Although the sentence was lengthy, it was not manifestly excessive.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0101-16T3